**John E. ORDNER, Administrator of the Estate of Henry F. Schneider, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

**Civ. No. 2860.**

United States District Court
D. Minnesota,
Third Division.

July 11, 1958.

Reginald Ames, St. Paul, Minn., for plaintiff.

Richard W. Johnson, Minneapolis, Minn., for defendant.

DEVITT, District Judge.

Plaintiff sued to recover the $10,000 accidental death benefit under a double indemnity insurance policy. Previously the defendant had paid the face amount of the policy, but denied liability for the additional accidental claim. The jury returned a verdict for the defendant. Plaintiff has moved for a new trial on the grounds that the Court erred in failing to give certain instructions requested by the plaintiff, and in instructing as it did.

The pertinent provisions of the policy provide that the defendant company will pay the accidental death benefit upon receipt at its home office of due proof that:

"the death of the insured occurred as a result, directly and independently of all other causes, of bodily injury effected solely and through external, violent, and accidental means."

The policy also provided that the accidental death benefit would not be payable if death resulted:

"* * * directly or indirectly from bodily or mental infirmity or disease, even though drowning or injury contributed to the death or was the proximate or precipitating cause thereof; * * *".

On the basis of these policy provisions, and the holding in Kundiger v. Metropolitan Life Insurance Co., 1944, 218 Minn. 273, 15 N.W.2d 487, the Court instructed the jury as follows:

"It is not necessary to plaintiff's recovery that prior to the fall he was entirely healthful and free from all physical defects and deficiencies. The law is that if Mr. Schneider's fall was the proximate cause of death the insurance company is liable under the policy of insurance and you should return a verdict for the plaintiff; but if the fall and an existing bodily disease or infirmity, such as heart disease, concurred and cooperated to cause death, then the insurance company is not liable and you should return a verdict for the defendant."

Here are the instructions which the plaintiff requested, and which were refused:

"1. If you find that the deceased, Henry F. Schneider, had an advanced arteriosclerotic condition, but that such condition was latent and dormant and not an efficient cause of death, and if you find that the slipping and the exertion of straightening up and getting back on the path after the slipping were the sole cause of death, then your verdict should be for the plaintiff, even though death would not have occurred but for the arteriosclerotic condition.

"2. If you find that the deceased, Henry F. Schneider, had arteriosclerosis to a greater extent than was normal for a man of his age, and if you find that death would not

have occurred without the existence of that advanced arteriosclerosis, but if you find that death would not have come at the time it did without the slipping and the exertion of straightening up and getting back on the path after the slipping and that such slipping and exertion, acting upon the arteriosclerotic condition, were the sole, proximate cause of death, then your verdict should be for plaintiff."

Concerning the instruction which the Court gave, and the failure to give the instructions requested, the plaintiff says:

"* * * the vice of the instructions is that they would not allow recovery if accident was the sole cause of death in the legal sense, and if the existing infirmity or disease contributed or cooperated merely in the sense that death would not have occurred but for the existing disease or infirmity."

Plaintiff claims that the Minnesota Supreme Court decision of Wolfangel v. Prudential Insurance Company, 1941, 209 Minn. 439, 296 N.W. 576, supports his position.

It seems to me that the instruction given, quoted first above, correctly states the principles governing the parties in view of the specific provisions of the policy and in the holdings in the Kundiger and Wolfangel cases.

Contrary to plaintiff's assertions, it appears to me that the pivotal issue in the Wolfangel case was one of fact— that is, whether death was caused by the accident or the pre-existing physical condition of the insured. The Court held that on the evidence the question was one for the jury to determine. The Court did not hold that if the injury and the previous physical condition of the insured cooperated to cause death the company was liable, but simply that the question whether the accident was the direct cause of death was a factual one.

The basic law on the question is well established in the leading case of White

v. Standard Life & Accident Ins. Co., 1905, 95 Minn. 77, 80, 103 N.W. 735, 736. The rule was there expressed by the Minnesota Supreme Court in a fashion very similar to the instruction the Court gave here. The Court said:

"* * * the consensus of judicial opinion is that * * * if the injury be the proximate cause of death, the company is liable, but, if an injury and an existing bodily disease or infirmity concur and cooperate to that end, no liability exists."

The motion for a new trial is denied.